IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**Federal Express Corporation,**

    **Plaintiff,**

    v.

**Accu-Sort Systems, Inc.,**

    **Defendant.**

**04 MBD 10115**

Civil Action No. _____

(Involving A Third Party Discovery Subpoena Served in Connection With Civil Action No. 01-2503 MA/BRE in the United States District Court, Western District of Tennessee)

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA

### INTRODUCTION

Pursuant to FED. R. CIV. P. 45(c), plaintiff Federal Express Corporation ("FedEx") hereby moves to quash the Subpoena *Duces Tecum*, dated April 7, 2004 ("the Subpoena"), addressed to Nixon Peabody LLP ("Nixon Peabody"), a non-party to this litigation, on the grounds that 1) the Subpoena demands production of documents concerning subject matters beyond the scope of and not relevant to the underlying litigation; 2) the Subpoena requests production of confidential, proprietary and otherwise sensitive FedEx information produced to Nixon Peabody only in connection with a prior, unrelated lawsuit and pursuant to the terms of a confidentiality agreement covering such production; and 3) the Subpoena is unnecessary because responsive documents already have been requested from FedEx and the parties' dispute concerning the propriety of Accu-sort's request shall be decided by the U.S. District Court for the

Western District of Tennessee. In the alternative, if this Court is not inclined to quash the subpoena at this time, FedEx requests that the Court stay any response to the Subpoena in order to allow the Western District of Tennessee to address Accu-Sort's anticipated motion to compel production of a duplicative set of documents by FedEx.

## FACTUAL BACKGROUND

This matter arises out of Accu-Sort's attempt to subpoena Nixon Peabody, the attorneys for the parties opposing FedEx in a recently settled lawsuit brought in Middlesex Superior Court, under the caption DataSafe, Inc. v. Federal Express Corp., No. 01-2590 (the "DataSafe Litigation"). The DataSafe Litigation arose out of allegations by DataSafe, Inc. ("DataSafe") and its founder, David Muller, that FedEx and two affiliate entities agreed to, or represented that they would, jointly develop a private shipping service that would allow DataSafe to develop an anonymous Internet surfing and shopping product. (Affidavit of Robert R. Ross ("Ross Aff.") at ¶ 3.) DataSafe and FedEx discussed technology that DataSafe envisioned would allow FedEx to deliver products ordered by customers using DataSafe's web site to shop anonymously. (Id.)

When FedEx determined that it had no interest in developing and pursuing the proposed service, DataSafe brought suit against FedEx alleging a series of contract and business tort claims. (Id. at ¶ 4.) The DataSafe Litigation was actively litigated for over two and one half years, and was only recently resolved by a settlement agreement. (Id. at ¶ 5.)

While active, the DataSafe Litigation generated a significant amount of activity. For example, the docket contains ninety-four (94) entries and the parties took over thirty (30) separate depositions, a number of which lasted two or three days. (Id.) Additionally, the parties exchanged numerous documents, many of which are protected by the terms of a confidentiality agreement. (Id. at ¶ 6.)

The case captioned <u>Federal Express Corp. v. Accu-Sort Systems, Inc.</u>, Civil Action No. 01-2503 (the "Accu-Sort Litigation"), currently pending in the United States District Court for the Western District of Tennessee—the case which gives rise to the Subpoena at issue in FedEx's Motion To Quash—is unrelated to the DataSafe Litigation. (<u>Id.</u> at ¶ 7.) In the Accu-Sort Litigation, FedEx has asserted breach of contract and theft of trade secret claims against Accu-Sort Systems, Inc. ("Accu-Sort") concerning the misuse of FedEx's scanning information and technology. (<u>Id.</u> ¶ 7.) The case does not involve any issue concerning anonymous shipping or private web searching technology—the subject of the DataSafe Litigation. (<u>Id.</u>) Stated differently, the DataSafe and Accu-Sort Litigations arise out of different factual backgrounds, involve different transactions, and concern different technologies. (<u>Id.</u>) In addition, the legal theories of the two cases are not connected. (<u>Id.</u>)

On or about April 7, 2004, Accu-Sort served Nixon Peabody, attorneys for DataSafe and Muller in the DataSafe Litigation, with a Subpoena demanding production of most of the files relating to the DataSafe Litigation. (Subpoena addressed to Nixon Peabody ("Subpoena"), dated April 7, 2004, attached hereto as Exhibit A, at 2–3.) For example, the Subpoena requests that Nixon Peabody produce copies of, among other things, 1) any document concerning any responses to interrogatories, document requests, or requests for admission; 2) any document concerning settlement discussions and the settlement between FedEx and DataSafe; 3) any document concerning any declaration or affidavit filed in the DataSafe Litigation; 4) any document referring or relating to any deposition of a FedEx employee or agent in the DataSafe Litigation; 5) Plaintiff's Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim; 6) the Joint Pre-Trail Memorandum filed

by the parties; and 7) all documents referred to or related to eight other pleadings and motions filed by the parties.

Accu-Sort had already served its Third Set Of Document Requests on FedEx, requesting, among other things, 1) all documents concerning DataSafe, Inc.; and 2) all documents concerning any litigation involving FedEx and DataSafe. (Ross Aff. ¶ 9 and Ex. B at ¶¶ 1 and 3.) FedEx objected to those requests and refused to produce responsive documents because, among other reasons, those requests seek documents that are not relevant to the Accu-Sort Litigation but are confidential and proprietary to FedEx. (Ross Aff. ¶ 10.) In response, Accu-Sort's counsel demanded that FedEx withdraw its objections, arguing only that the requests for documents concerning the DataSafe Litigation are relevant to the credibility of Brett Bonner, a FedEx employee who testified on certain issues in the DataSafe Litigation and who Accu-Sort expects will be a witness in the Accu-Sort Litigation. (Id. at ¶ 11 and Ex. C.)

FedEx has not agreed to withdraw its objections to Accu-Sort's requests for the DataSafe Litigation files. (Id. at ¶¶ 12–13.) Accu-Sort has informed FedEx that it intends to pursue a motion to compel production of those documents with the United States District Court for the Western District of Tennessee.

**ARGUMENT**

Accu-Sort's attempt to obtain the voluminous litigation files arising out of an unrelated transaction with an unrelated party who attempted to develop unrelated technology is misplaced. Accu-Sort's purported justification is that the records sought will relate to the credibility of someone it anticipates will be a common witness in the two lawsuits. Even a superficial reading of its Subpoena reveals that Accu-Sort is fishing for records well outside that narrow

justification. Moreover, the records it has subpoenaed included proprietary and confidential FedEx information concerning a technology and operational issues unrelated to the claims involved in its litigation, along with sensitive personnel records from the files of a number of senior executives and managers. Since the Western District of Tennessee will confront the issue of whether Accu-Sort's request for production of the DataSafe Litigation documents is appropriate discovery in the case pending before it for resolution, and since the motion it will address concerns a duplicative set of documents to the set of documents covered by the Subpoena served on Nixon Peabody, FedEx requests that this Court quash, or alternatively stay any response to, the Subpoena. Accu-Sort may then pursue its motion to compel before the Judge equipped to address the issues raised by FedEx's objection.

### I. The Subpoena Relates to Subject Matter Beyond the Scope of the Pending Action

The Subpoena seeks documents that are not relevant to the pending litigation. Parties may only obtain discovery regarding those matters that are relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1). A litigant may not use a subpoena to engage in merely speculative inquiries in the guise of relevant discovery. See Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, LTD, 333 F.3d 38, 41 (1st Cir. 2003) (upholding an order quashing a subpoena because "the materials sought are not probative of ... the threshold issue in the ... litigation" and "some considerable question exists as to how discovery of the materials would lead to *admissible* evidence").

In a classic fishing expedition, Accu-Sort's Subpoena targets information and documents that are in no way relevant to the trade secret and breach of contract claims between FedEx and Accu-Sort. The DataSafe and Accu-Sort Litigations have no legal or logical connection to one another. (Ross Aff. ¶¶ 7, 8.) The DataSafe action involves a contract dispute concerning the

alleged obligation of FedEx to jointly develop of a service that would allow customers to shop online and receive packages anonymously, through DataSafe's web site. In contrast, the Accu-Sort action involves FedEx's efforts to protect its trade secrets and proprietary information concerning scanning technology from misuse by Accu-Sort. (Ross Aff. ¶ 7.) The Accu-Sort litigation involves different parties, different transactions, and different legal theories. (Ross Aff. ¶ 7, 8).

The only alleged overlap identified by Accu-Sort to justify its request for the DataSafe Litigation files is that it anticipates that one FedEx employee will be a witness in both cases. (Ross Aff. at Ex. C.) Accu-Sort argues that it is entitled to investigate the credibility of that witness. (Id.) Necessarily, Accu-Sort's argument is entirely speculative, as it provides no reason to believe that anything Mr. Bonner did or said in connection with DataSafe can plausibly be said to reflect upon the credibility of anything he did or said concerning a transaction with a different vendor in connection with an entirely different technology. Morevoer, on its face, Accu-Sort's Subpoena far exceeds the narrow scope reflected in its purported justification.

The Subpoena requests all documents concerning settlement discussions and agreements between FedEx and DataSafe; all documents concerning any declaration or affidavits filed in the DataSafe Litigation; all documents referring or relating to any deposition of a FedEx employee or agent in the DataSafe Litigation; and any document concerning responses to discovery requests (which were voluminous) and numerous other pleadings and motions filed in the DataSafe Litigation. (Subpoena ¶¶ 2, 4, 5, 6.) Accu-Sort has not even attempted to explain how the documents generated concerning settlement negotiations or discovery responses on issues entirely unrelated to Mr. Bonner can possibly have a good faith connection to the pending action. To the contrary, Accu-Sort's desire is to poke around in the files in hope of finding something

useful or that may provide a tactical advantage, such as insight into FedEx's settlement negotiation strategy. Accu-Sort should not be allowed to misuse the process of this Court to obtain discovery from a third party with little to no interest in protecting FedEx's confidential or sensitive information, when it knows it has little hope of convincing the Judge who presides over this case to order FedEx to produce such files. Accordingly, its Subpoena should be quashed.

## II. The Subpoena Seeks Disclosure of Confidential Documents

This Court should quash the Subpoena because the Subpoena would require the disclosure of protected matters, trade secrets, and confidential research. Rule 45(c)(3) confers upon the court by which a subpoena is issued both mandatory and discretionary powers to quash or modify a subpoena. FED. R. CIV. P. 45(c)(3)(A). Specifically, Rule 45(c)(3)(A) requires that a court quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." FED. R. CIV. P. 45(c)(3)(A)(iii).

Similarly, Rule 45(c)(3)(B) confers discretion upon the court to quash or modify a subpoena if the subpoena "requires disclosure of a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(c)(3)(B)(i). In addition, under Rule 26(c), "[u]pon motion by a party ... and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way..." FED. R. CIV. P. 26(c)(7).

Accu-Sort's Subpoena seeks production of FedEx's confidential records concerning the potential development of a technology unrelated to the technology at issue in the Accu-Sort

Litigation. It should be noted that the parties already are in litigation arising out of what FedEx believes was Accu-Sort's misuse of FedEx's confidential trade secrets. Accu-Sort should not lightly be given access to additional FedEx confidential information without any good faith basis to suggest that the information is necessary to that lawsuit.

The Subpoena also sweeps within its overly broad reach sensitive records from the personnel files of a number of FedEx senior executives and managers that were produced in the DataSafe Litigation, but that are otherwise confidential. (Ross Aff. ¶ 6.) Accordingly, Rule 45(c)(3)(A) authorizes this Court to quash or modify the Subpoena. Because FedEx is unable to submit the pleadings filed in the Accu-Sort Litigation, which are under seal, this Court is not in a position to narrowly tailor Accu-Sort's overly broad Subpoena to particular issues raised in the underlying lawsuit. Accordingly, FedEx requests that this Court quash the Subpoena and leave Accu-Sort to pursue its demand that FedEx produce these very same documents before the Judge who has the ability to consider the relevant pleadings.

### III. The Subpoena is Not Necessary Because the Documents Have Already Been Requested from A Party to the Litigation

Accu-Sort's Subpoena to Nixon Peabody is duplicative of its request that FedEx produce copies of the entire DataSafe Litigation file. (Ross Aff. Ex. B.) Nixon Peabody, opposing counsel in that litigation, clearly has no interest in protecting FedEx's proprietary or confidential information, even if the documents requested exceed the scope of appropriate discovery in the Accu-Sort Litigation. In fact, Accu-Sort's Subpoena appears to be an effort to end run the reasonable limitations on discovery that may be imposed at the request of the party with the true interest in protecting its information and access to a Judge with an incentive to manage discovery

in a case on his or her docket in such a way that is most efficient and appropriate for the parties and the Court. Such gamesmanship should not be rewarded.

Accu-Sort's request for the DataSafe Litigation files will be the subject of a motion to compel before the U.S. District Court for the Western District of Tennessee. (Ross Aff. ¶ 13.) The Subpoena served on Nixon Peabody should not be used as a "second bite" at that discovery apple. The Western District of Tennessee is familiar with the facts and legal issues in the Accu-Sort case and has access to all of the parties' pleadings under seal. That Court is, therefore, in a much better position to assess the propriety of Accu-Sort's discovery requests.

Accordingly, this Court should grant FedEx's Motion to Quash the Subpoena and leave Accu-Sort to pursue its discovery before the Court in the Western District of Tennessee.

### IV. Alternatively, the Subpoena Should be Stayed Until the Western District of Tennessee Resolves Accu-Sort's Motion to Compel

If this Court is unwilling to quash the Subpoena at this time, the Court should stay any response to the Subpoena until such time as the Western District of Tennessee has had an opportunity to address and resolve Accu-Sort's motion to compel production of a duplicative set of records by FedEx. Only if Accu-Sort prevails on its motion to compel and it has a good faith basis to suggest that some documents responsive to the Subpoena will not be duplicative of the documents it receives from FedEx, would Accu-Sort be justified in pursuing this Subpoena.

A federal court has the discretion to stay a proceeding before it "as an exercise of its inherent power to control its own docket." Cannavo v. Enterprise Messaging Servs., Inc., 982 F.Supp. 54, 59 (D.Mass. 1997). Further, a district court may, in its discretion, stay proceedings where another matter involving identical issues is pending in another court and "it would be

duplicative, uneconomical, and vexatious to proceed otherwise." Salomon S.A. v. Scott USA Ltd. Partnership, 117 F.R.D. 320, 321 (D.Mass. 1987).

The discoverability of the same documents that Accu-Sort has requested from Nixon Peabody will be presented to the U.S. District Court for the Western District of Tennessee. For this Court to attempt to resolve the question whether Nixon Peabody should produce the records responsive to the Subpoena will duplicate the effort to be undertaken by the Court before which the underlying case is pending, and it risks potentially inconsistent results. Given that the Western District of Tennessee has full access to the parties' pleadings under seal, will have knowledge of the related discovery preceding these new requests and responsibility for managing all pre-trial discovery in an efficient manner, that Court is in a better position to address and resolve the issues raised by FedEx's objections to the Subpoena. Accordingly, should this Court decide not to quash the Subpoena at this time, FedEx requests that the Court stay any response to the Subpoena until such time as the U.S. District Court for the Western District of Tennessee rules on Accu-Sort's anticipated motion to compel production of these records by FedEx.

## CONCLUSION

For the reasons contained in this Memorandum of Law and the Affidavit of Robert Ross, FedEx requests that this Court issue an Order pursuant to Rule 45(c)(3)(A) quashing the Subpoena. In the alternative, FedEx requests that this Court stay any response to the Subpoena until the Western District of Tennessee, upon an anticipated motion to compel discovery, can render a decision on the discoverability of the duplicative set of documents requested from FedEx.

BOS_442316 1/EANDERSON

FEDERAL EXPRESS CORPORATION,
By its attorneys,


_____
Steven M. Cowley (BBO No. 554534)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 439-4444
Fax (617) 439-4170


**CERTIFICATE OF SERVICE**

I, Steven M. Cowley, hereby certify that on the 19th day of April, 2004, I served a copy of the within Memorandum Of Law In Support Of Plaintiff's Motion To Quash Subpoena by facsimile and FedEx overnight delivery, on counsel for Accu-Sort Systems, Inc., John J. O'Malley, Esq., Volpe and Koenig, P.C., United Plaza, Suite 1600, 30 South 17th Street, Philadelphia, Pennsylvania 19103, and on counsel for Nixon Peabody, LLP, Timothy Mungovan, Esq., Nixon Peabody, LLP, 100 Summer Street, Boston, Massachusetts 02110.


_____
Steven M. Cowley