IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Federal Express Corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**Accu-Sort Systems, Inc.,**<br><br>Defendant. | Civil Action No. _____<br>**04MBD 10115**<br><br>(Involving A Third Party Discovery Subpoena Served in Connection With Civil Action No. 01-2503 MA/BRE in the United States District Court, Western District of Tennessee) |

### AFFIDAVIT OF ROBERT R. ROSS

I, Robert R. Ross, on oath do declare as follows:

1. I am a Senior Attorney at the Federal Express Corporation ("FedEx").

2. In my capacity as a Senior Attorney at FedEx I was involved in and am knowledgeable about the litigation brought by DataSafe, Inc. ("DataSafe") and its founder, David Muller, against FedEx and two affiliate entities in the Massachusetts Superior Court for Middlesex County. I also am familiar with the litigation between FedEx and Accu-Sort Systems, Inc. ("Accu-Sort") pending in the United States District Court for the Western District of Tennessee.

3. The DataSafe case concerned an allegation by DataSafe and Muller that FedEx agreed to, or represented that it would, jointly develop a private shipping service that would allow DataSafe to offer an anonymous Internet surfing and shopping web site, whereby customers who used the site would be able to anonymously shop online and make purchases without retailers knowing their identities.

4. After FedEx determined that it had no interest in developing and pursuing the proposed service, DataSafe brought suit against FedEx alleging breach of contract for joint undertaking; breach of contract arising out of detrimental reliance; breach of implied contract; breach of implied covenant of good faith and fair dealing; quantum meruit; fraudulent misrepresentation; negligent misrepresentation; breach of joint venture obligations; unjust enrichment and for a constructive trust; and violations of Mass. Gen. L. ch. 93A. The law firm of Nixon Peabody, LLP represented DataSafe and David Muller in that lawsuit.

5. The DataSafe case recently ended as a result of a settlement agreement. Prior to settlement, however, the case was actively litigated for more than two and one half years. As a result, voluminous documents were generated in connection with discovery and numerous pretrial motions filed by the parties. The docket contains 94 entries for pleadings filed with and orders issued by the Court. In addition, the parties took over thirty (30) separate depositions, a number of which lasted two or three days, and served numerous rounds of written discovery requests.

6. Because of concerns about the release of sensitive and confidential business information, FedEx and DataSafe entered into a confidentiality agreement covering many of the documents produced in the case. FedEx produced numerous documents under the protection of that confidentiality agreement, including documents containing proprietary and confidential business and operational issues, as well as sensitive personnel records from the files of a number of senior executives and managers.

7. In the Accu-Sort case, FedEx has alleged theft of trade secrets, breach of a Consulting Agreement and unjust enrichment against Accu-Sort arising out of that company's misuse of FedEx know-how, information and technology it received on a confidential basis

under a contract to work as one of two vendors retained by FedEx to design, develop and build a scanning system. There is no connection between the technology at issue in the Accu-Sort case and the potential technology at issue in the DataSafe litigation. The Accu-Sort case does not involve any issue concerning the potential for private shipping or anonymous web searching services. The cases involve different facts, transactions, and occurrences. Moreover, the legal theories underlying the two cases are not related.

8. The parties in the Accu-Sort litigation have entered a Stipulated Protective Order that prohibits the disclosure of materials designated "Confidential" or "Attorneys Eyes Only Material" and provides for the sealing of pleadings and related documents so designated. A copy of that Stipulated Protective Order is attached hereto as Ex. A (see ¶¶ 5, 6 and 12). The pleadings describing the alleged facts, legal claims and defenses asserted by the parties in the Accu-Sort litigation have been designated "Confidential" or "Attorneys Eyes Only Material" by the parties. As a result, FedEx is prohibited from submitting copies of the Accu-Sort litigation pleadings to this Court so that it may compare the factual and legal issues involved in that case to the factual and legal issues involved in the DataSafe litigation.

9. On or about February 6, 2004, Accu-Sort served its Third Set of Document Requests on FedEx. A true and accurate copy of that discovery request is attached hereto as Ex. B. Among other documents, Accu-Sort's Third Set of Document Requests seeks production by FedEx of all documents concerning DataSafe, Muller and the DataSafe litigation. (See Ex. B at ¶¶ 1-4.) FedEx believes that all of the documents requested in Accu-Sort's subpoena to Nixon Peabody are called for by its Third Set of Document Requests served on FedEx.

10. FedEx objected to requests numbered 1 through 4 of Accu-Sort's Third Set of Document Requests and has refused to produce responsive documents, because, among other

reasons, those requests seek documents that are not relevant to the Accu-Sort litigation but are confidential and proprietary to FedEx.

11.     In response to FedEx's objections, Accu-Sort's counsel wrote to counsel for FedEx on April 6, 2004, arguing that its objections should be withdrawn. A true and accurate copy of that letter is attached hereto as Ex. C. With regard to the requests that cover the same documents requested in its subpoena to Nixon Peabody, Accu-Sort argues only that the documents requested are relevant to the credibility of Brett Bonner, a FedEx employee who testified on certain issues in the DataSafe litigation and who Accu-Sort expects will be a witness in its litigation. (See Ex. C at p. 1.)

12.     Contrary to its contention, Accu-Sort's subpoena to Nixon Peabody and its corollary document requests to FedEx are not limited to documents concerning Mr. Bonner's testimony. Assuming that Nixon Peabody has maintained documents concerning the DataSafe litigation in a manner consistent with FedEx's retention of such documents, Accu-Sort's subpoena actually calls for the production of tens of thousands of pages of documents having nothing whatsoever to do with Mr. Bonner. Moreover, FedEx does not agree that the documents created and exchanged in the DataSafe litigation concerning Mr. Bonner are relevant to the credibility of any testimony he may give in the Accu-Sort litigation.

13.     As a result, FedEx has declined Accu-Sort's demand that FedEx withdraw its objections to requests numbered 1 through 4 in Accu-Sort's Third Set of Document Requests. Accu-Sort has informed FedEx that it intends to file a motion to compel concerning those

discovery requests with the United States District Court for the Western District of Tennessee. (See Ex. C at p. 4.)

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 19TH DAY OF APRIL, 2004.

Robert R. Ross

### CERTIFICATE OF SERVICE

I, Steven M. Cowley, hereby certify that on the 19th day of April, 2004, I served a copy of the within Affidavit Of Robert R. Ross by facsimile and FedEx overnight delivery, on counsel for Accu-Sort Systems, Inc., John J. O'Malley, Esq., Volpe and Koenig, P.C., United Plaza, Suite 1600, 30 South 17th Street, Philadelphia, Pennsylvania 19103, and on counsel for Nixon Peabody, LLP, Timothy Mungovan, Esq., Nixon Peabody, LLP, 100 Summer Street, Boston, Massachusetts 02110.

Steven M. Cowley